By the Court.
The county commissioners were authorized to build a permanent bridge across Mill Creek, and to straighten the creek for that purpose (69 Ohio Law, 380). It was necessary to obtain a fee-simple title to some of Wilder’s land. His other land would be damaged by the proposed change in the creek. The commissioners and Wilder agreed that he should give to the county the land required by it, for which the county should pay him $10,125, *602 and protect Ms adjoining land from washing and abrasion. It was also agreed that a proceeding should be had in the probate court under the act of April 30, 1852 (S. & C., 311) ; that said agreement should be stated to the jury, a verdict for Wilder, for $10,125, returned and judgfiient of condemnation rendered thereon. All this was done. The county commissioners took the land, built the bridge, changed the creek and materially damaged Wilder’s other land. No entry of said contract was ever made by the auditor upon the minutes of the commissioners as required by the act of April 8, 1856 (53 Ohio Law, 155; S. & C., 250).
Held: The county, having accepted and enjoyed the benefits contracted for, must pay for them as it agreed to do. It is estopped from setting up its omission to make the entry.
Athens v. R. R. Co., 37 Ohio St., 205, approved and followed.
Judgment of the district court reversed, and that of the superior court affirmed.